IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

**DWIGHT D. YORK, AKA: MALACHI Z. YORK**                                    **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION NO.: 1:16-CV-01754-KMT**

**THE FEDERAL BUREAU OF PRISONS**                                           **DEFENDANT**

### MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS

**COMES NOW** Plaintiff, Dwight D. York (also known as Malachi Z. York), by and through his counsel of record, and files his, *Motion for Extension of Time to Respond to Defendant's Motion to Dismiss*. Plaintiff moves this Honorable Court to grant Plaintiff's *Motion for Extension of Time* and request a hearing on said *Motion*, and as grounds therefore, would state as follows:

1. Plaintiff's counsel is requesting an additional thirty-five (35) days to respond to Defendant's *Motion to Dismiss* in order to sufficiently address Defendant's allegations and supporting evidence.

2. Defendant filed a *Motion to Dismiss* with over seven hundred (700) exhibits comprised of medical records. Notably, the exhibits include medical records that have not been previously reviewed by Plaintiff's counsel despite their three previous requests through discovery and the Freedom of Information Act ("FOIA").

3. In light of the aforementioned, additional time to respond to Defendant's *Motion to Dismiss* is a necessity.

4. A party may request "one extension of not more than 21 days beyond the time limits prescribed by the *Federal Rules of Civil Procedure* to respond to a pleading…." D.C.COLO.LCivR 6.1(a). "The stipulation must be filed before the expiration of the time

1

limits to respond prescribed in the *Federal Rules of Civil Procedure* and shall be effective on filing, unless otherwise ordered." *Id*.

5. Requests for extensions of time made before the applicable deadline has passed should "normally be granted in the absence of bad faith or prejudice to the adverse party." *4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 1165 (3d ed.2004).

6. Moreover, an extension of time to respond to a pleading is usually granted by a district court if there exists "good cause." *Federal Rule of Civil Procedure* 6(b). The "good cause" standard requires the moving party to show that despite his diligent efforts, he could not have reasonably meet the scheduled deadline. *Pumpco, Inc. v. Schenker International, Inc.,* 204 F.R.D. 667, 668 (D. Colo. 2001).

7. In this matter, an extension of time to respond to Defendant's *Motion to Dismiss* is necessary as an additional thirty-five (35) days will allow Plaintiff's counsel to adequately review the voluminous amount of medical records produced and sufficiently (1) prepare a response to Defendant's allegations and (2) produce probative evidence in support.

8. Additionally, Plaintiff's counsel recently completed a month of depositions in Mississippi and two trials in Maryland in another matter. Therefore, Plaintiff's counsel previously scheduled a ten (10) day vacation out of the states for rest in order to reenergize for the cases, including this matter, underway.

9. An extension of time will not prejudice Defendant or thwart Defendant's ability to prepare a rebuttal or prepare for trial. In fact, Plaintiff will be prejudiced if there is not an

9. extension of time as Plaintiff's counsel will not be able to sufficiently prepare a response to a pleading that is utilized to cease Plaintiff's opportunity to seek justice for his injuries.

10. Essentially, the foregoing unanticipated amount of medical records produced and the lack of cooperation by Defendant's counsel during discovery warrants additional time. Plaintiff's request is not used for the purpose of delay.

11. As such, Plaintiff's *Motion for Extension of Time to Respond to Defendant's Motion to Dismiss* should be granted.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff prays that this Honorable Court will grant Plaintiff's *Motion for Extension of Time to Respond to Defendant's Motion to Dismiss*. Plaintiff also prays for all other general relief this Court deems to be fair and just.

Respectfully submitted, this the 25th day of August 2017.

**PLAINTIFF**

/s/ Charles Tucker, Jr., Esq.
CHARLES TUCKER, DC Bar #993515

/s/ Victoria Broussard, Esq.
VICTORA BROUSSARD, TEXAS BAR # 24053882

**OF COUNSEL:**

**TUCKER MOORE GROUP, LLP**
**16009 Lavender Dream Lane**
**Brandywine, MD**
**Telephone: 301-706-2242**
**Tucker@TuckerMooreLaw.com**

**LAW OFFICE OF VICTORIA BROUSSARD**
**Post Office Box 393**
**21735 Texian Court**
**Spring, Texas 77373**
**Victoria@broussardlegal.com**

3

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing pleading was transmitted to all counsel of record via EFC.

**This the 25th day of August 2017.**

   /s/ Charles Tucker, Jr.
CHARLES TUCKER, JR.


/s/ Victoria Broussard, Esq.
VICTORA BROUSSARD