IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F-I-L-E-D
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAR 26 2018
JEFFREY P. COLWELL
CLERK

Civil Action No. 16-cv-01754-KMT

DWIGHT D. YORK, known as Malachi Z. York
    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
    Defendant.

## MOVANT'S OR PROPOSED INTERVENOR ANTOINE BRUCE'S OBJECTION TO THE COURT'S, COURT ORDER (DOC. NO. 81, FILED or ISSUED MARCH 13, 2018), IN CONJUNCTION WITH HIS MOTION FOR AN ORDER COMPELLING DOCUMENTS, AND HIS MOTION FOR AN PRELIMINARY INJUNCTION AND/OR A TEMPORARY RESTRAINING ORDER, AND AN EXTENSION IN FILING TIME TO RESPOND TO DEFENDANT'S RESPONSE FILED ON FEBRUARY 5, 2018 (DOC. NO. 79) AND TO AMEND HIS "MOTION TO INTERVENE", TO COMPLY WITH THE REQUIREMENTS OF RULE 24(b)(1)(B), AS WELL AS HIS MOTION FOR RECONSIDERATION

Comes now Movant or Proposed Intervenor Antoine Bruce pro se, and objects to the court's, court order (DOC. NO. 81, filed March 13, 2018), Movant or proposed-Intervenor Antoine Bruce ("Hereinafter" Mr. Bruce) Further Moves the court for an order ~~compelling~~

page 1 of 10

~~Defendant Federal Bureau of Prisons (Hereinafter "BOP")~~ pursuant to Rule 37(a) of the Federal Rules of Civil Procedure compelling Defendant Federal Bureau of Prisons ("Hereinafter" BOP) by-and-through it's agents, officers, employees, servants, and attorneys to produce for inspection and copying the following documents: Defendant's February 5, 2018, response. (DOC.NO. 79.). Mr. Bruce further moves the court for an order pursuant to Rule 65(a) and/or 65(b) of the Federal Rules of Civil Procedure that Defendant (BOP) by-and-through its agents, officers, employees, servants, and attorneys show cause in room _____ of the United States Court House, ALFRED A. ARRAJ COURTHOUSE, 901-19TH ST., ROOM A105, DENVER CO, 80294-3589, on the _____ day of _____, 20__, at _____ O'clock, why a preliminary injunction should not issue, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure ordering Defendant BOP's agents, officers, employees, servants, and attorneys of or at the United States Penitentiary, Administrative Maximum (ADX) to return all of Mr. Bruce's legal and personal-documents, materials, and property to him. Mr. Bruce further moves the court pursuant to Rule 65(b) of the Federal Rules of Civil Procedure for an order that effective immediately, and pending the hearing and determination of this order to show cause, defendant (BOP) by-and-through its' agents, officers, employees, servants, and attorneys-of or at USP Florence ("ADX"), are restrained or enjoined from continuing to withhold or detain Mr. Bruce's legal and personal-documents, materials, and property including the Plaintiff's prisoner complaint, Defendant's motion for summary judgement, Plaintiff's Response to defendant's motion for summary judgement, Defendant's Reply Response to Plaintiff's Response, and several other pleadings relevant or pertaining to this action/case which the Plaintiff had provided to Mr. Bruce. Mr. Bruce further moves the court pursuant to D.C.COLO.-LCivR 6.1(a), for an extension of time, by 21-days upon receiving defendant BOP's February 5, 2018, response (DOC.NO. 79.) which was not provided to Mr. Bruce, to respond back to the defendant's response, and to amend his "Motion to intervene" to comply with

the requirements of Rule 24(b)(1)(B), as well as his request for reconsideration, and in support thereof the movant or proposed Intervenor Antoine Bruce assert, declare, certify, verify and state as follows:

As set forth in the attached Declaration of Antoine Bruce reflected as "Exhibit-A":

<u>Intervenor Antoine Bruce's Objection to the court's, court Order (Doc. No. 81, filed or issued March 13, 2018) Denying his "Motion to Intervene"</u>

1. Proposed Intervenor Antoine Bruce filed a "Motion to Intervene". (Doc. No. 74, filed January 16, 2018). See Exhibit-A, Declaration of Antoine Bruce, at para. 2.

2. Mr. Bruce is an inmate incarceration at the United States Penitentiary, Administrative Maximum (ADX). (See Doc. No. 74.). He seeks to intervene in this case, pursuant to Fed. R. Civ. P. 24(b)(1)(B) (permissive intervention). (Id.), see also Exhibit-A at para. 3.

3. Mr. Bruce is 34-years old. He suffers from various mental and physical illnesses/disabilities-which frequently-frustrates, interfere with, impede, or impair his participation in activities of daily living to include seeing, reading, writing, walking, and eating or eating. See Exhibit-A, at para. 4.

4. Some of Mr. Bruce's mental and Physical illnesses/disabilities includes but is not limited to: Uncorrected Refractive Error of the eyes, with Photosensitivity, Angioedema-of the legs, throats, hands/fingers, ankles and feet, chronic/Acute-left-shoulder pain, A.C. Joint separation (L) shoulder, Degenerative Joint Disease (L) shoulder,

schizophrenia, Borderline personality disorder, post traumatic stress Disorder (PTSD), Major-Depressive Disorder. see "EX-A", at., para. 5.

5. Mr. Bruce is a CARE3-MH-inmate, and is soon to be transferred to USP-Allenwood Mental Health Treatment Program in (PA). see "EX-A" at., para. 6.

6. On December 21, 2017, Mr. Bruce suffered a psychotic episode, where he was placed in ADX's disciplinary unit (Special Housing Unit (SHU)). (Id) at., para. 7.

7. Upon being placed in the (SHU) Mr. Bruce was separated from his legal materials where defendant BOP-by-and-through it's agents or officers, J. Sanders, lieutenant-N. Rudd, and S.I.S-lieutenant-S. Sookdeo- had intentionally or purposely confiscated and discarded vital and important-legal documents relevant to this case, and in Mr. Bruce drafting a motion to intervene which complied with the requirements of Rule 24(b)(1)(B). (Id) at, 8.

8. Such legal documents or materials included the plaintiff's copy of his complaint which he gave to Mr. Bruce, so that Mr. Bruce could use to review and detail how he and the Plaintiff's specific medical care is related to each other, and how He has experienced similar denials of medical care to that which Plaintiff alleges. (Id At.)

9. Without the help of the Plaintiff's complaint combined with the fact that defendant-BOP-by-and-through its agents, officers, employees, and attorneys of (ADX) intentionally or purposely separating Mr. Bruce and the Plaintiff from each other by reassigning the Plaintiff to a different unit (i.e., or e.g., F or Fox-unit, so Mr. Bruce wouldn't be able to communicate with the Plaintiff and give him any legal advise and/or aid to help salvage his case/lawsuit, while Plaintiff wouldn't

be able to provide Mr. Bruce with any more documents relevant to his case. The movant, Mr. Bruce, was unable to properly draft a Motion to Intervene, stating the grounds for intervention, detailing how his specific medical care is related to the Plaintiff's care or how he has experienced similar denials of medical care to that which Plantiff alleges. See, "EX-A" at para. 10.

10. Mr. Bruce was unable to attach a complaint in intervention because of defendant (BOP) agents, officers, employees, servants, and attorneys of ADX intentionally or purposely confiscating, detaining, and then discarding the Plaintiff's complaint and other relevant documents pertaining to this case, which his lawyers gave to him, and he gave to Mr. Bruce for his own personal property/documentation as well as them intentionally or purposely confiscating and detaining/discarding Mr. Bruce's blank prisoner complaint-packet without any legitimate - penological purpose. See EX-A, at para. 11.

11. Second, Mr. Bruce objects that his Motion to Intervene is untimely. Geiger v. Foley Hoag LLP Ret. Plan, 521 F.3d 60, 65 (1st Cir. 2008) (while intervenor was aware of lawsuit for nine months before seeking intervention, application for Intervention was timely because she had reason to believe her interests would be protected by existing - party until shortly before the time she sought intervention). The court stated that Plaintiff in this matter commenced his claim for injunctive relief over 18 months ago. (Doc. No. 2.) Here, Mr. Bruce does not indicate in his motion the length of time he has known of the pending case; because he did not know he was required to, as he is not a trained lawyer, does not know the law nor Federal Rules of Civil Procedure well, only has a tenth grade high school education, and relied on the institution's electronic law library computer (ELL), Bender's Practice Forms, to help him draft his "Motion to Intervene".

12. Mr. Bruce did not become aware of the Plaintiff's lawsuit until December of 2017, after Plaintiff suffered a bout of Angioedema, in or of his throat and face, during the same time Mr. Bruce was suffering bouts of Angioedema in his throat, ankles and feet.

13. Plaintiff notified Mr. Bruce that he suffers from Angioedema or Hereditary Angioedema, and that ADX does not have the necessary treatment to alleviate or prevent his Angioedema bouts from seriously injuring him or killing him. See, EX-A, at, para.

14. Plaintiff notified Mr. Bruce that he has a lawsuit against the ("BOP") for deliberate indifference to his serious medical needs regarding his Angioedema, and that he was being represented by lawyers. See, EX-A, at, para.

15. Mr. Bruce alerted the Plaintiff that he too suffers from Angioedema, and that not only is he not being adequately treated for his angioedema, but that the health services staff are intentionally or willfully and wantonly prescribing and issuing or providing him with ineffective treatments or medications being fully aware that the medications are ineffective, leaving him frequently unable to walk, talk, and write - due to the swelling and substantial or significant and chronic/acute - pain and discomfort - in his throat, hands/fingers, legs, ankles, and feet, which the health services staff loggs in his medical records as not occurring.

16. Mr. Bruce asked the Plaintiff if he could see a copy of his prisoner complaint, which Plaintiff replyed that he did not currently have a copy of, but he would have his lawyers send him a copy of so Mr. Bruce could review it. See EX-A, at, para.

17. Plaintiff received a copy of his prisoner complaint from his lawyers, in mid-to-late-December 2017, well after the court's set December 9, 2016, deadline for joinder of-



17. parties and amendment of pleadings. (Doc. No. 26.) which Mr. Bruce was unaware of. See, EX-A, at, para., .

18. Mr. Bruce was unaware of the fact that discovery in this case had been completed. see EX-A, at, para., .

19. Upon plaintiff providing Mr. Bruce with a copy of his prisoner complaint, Mr. Bruce noticed or discovered many defects within the Plaintiff's complaint upon review, which Mr. Bruce alerted the Plaintiff to, a while advising the Plaintiff to have his lawyers to correct the defects such as adding the Declaratory Jurisdiction statute (i.e., or e.g., 28 U.S.C. § 2201) to his prisoner-complaint since he made a claim for injunctive relief, and upon information and belief, Declaratory relief. See EX-A, at, para., .

20. Through the course of Mr. Bruce reviewing the Plaintiff's prisoner complaint, Mr. Bruce started to realize that his interest would not be adequately represented in this case by the Plaintiff's representatives, and that the Plaintiff's case would be dismissed by the court without his presence and help in the case which he alerted the plaintiff to. see, EX-A., at, para., .

21. Mr. Bruce was provided with several legal documents which Plaintiff gave to him, to include defendant's motion for summary judgement which defendant ("BOP") intentionally or purposely confiscated, detained, and told Mr. Bruce that it was not going to be returned to him, and that he needed to mind his own business and stop trying to help ("York") the Plaintiff. see, EX-A, at., para., .

22. Defendant ("BOP") then separated the Plaintiff from Mr. Bruce by intentionally or purposely changing or moving the Plaintiff's housing unit from Golf-unit-to-Fox-unit without any legitimate penological purpose or justification, and only after Mr. Bruce verbally protested against being moved from Golf-unit-to-Fox-unit. See EX-A., at, para., .

23. Defendant ("BOP") intentionally or purposely withheld its February 5, 2018, response (Doc. No. 79.) from Mr. Bruce's review or presence, and thus, preventing him from responding or replying back to their or its response. see EX-A, at, para. .

24. Defendant ("BOP's") is fully aware that Mr. Bruce's presence in this case with the plaintiff would help the Plaintiff's claim(s) and/or defenses, which is why they've taken the measures of confiscating and detaining the Plaintiff's legal documents from Mr. Bruce, then separating the Plaintiff from Mr. Bruce, and then intentionally or purposely withholding their or its February 5, 2018 (Doc. No. 79.) response from Mr. Bruce's review or presence. EX-A, at, para., .

25. On December 21, 2017, Defendant (BOP) by-and-through-its agents and officers, after confiscating Mr. Bruce's legal and personal property, had detained his said property without any legitimate penological purpose or justification from date of December 21, 2017 - through - December 26, 2017, where Mr. Bruce was forced to be disruptive just to receive his property back.

26. Because of Defendant (BOP's) intentional or purposeful wrongful acts and/or omissions as stated or described in the foregoing paragraphs, Mr. Bruce was frustrated and impeded in filing a or an appropropriate or adequate "motion to intervene" pursuant to Fed. R. Civ. P. 24(b)(1)(B)(permissive-intervention) which comply with the requirements of Rule 24, and as such, Mr. Bruce's "motion-to intervene" should not be untimely nor denied. EX-A, at, para,        .

## MR. BRUCE'S MOTION FOR AN ORDER COMPELLING DOCUMENTS

27. Defendant (BOP) filed a response to Mr. Bruce's Motion to Intervene on February 5, 2018. (Doc. No. 79.).

28. Defendant (BOP) never brought their or its response to Mr. Bruce's attention, nor did Defendant provide Mr. Bruce with a copy of its response, as such Mr. Bruce was frustrated and/or impeded in filing a response or reply in opposition of or to or contesting Defendant BOP's response to Mr. Bruce's Motion to Intervene, which Mr. Bruce was entitled to present. EX-A, at para,        .

29. Based on the foregoing paragraphs the court should compel defendant BOP to produce for inspection and copying the Defendant's February 5, 2018, response to Mr. Bruce's Motion to Intervene (Doc. No. 79.).

30. Mr. Bruce was made aware of Defendant's response on March 16, 2018, through the court's March 13, 2018, court order (Doc. No. 81), to which Mr. Bruce was on a legal visit with an attorney name (Edwin P. Aro) who previously represented Mr. Bruce in a settled class action civil suit. See, Cunningham v. BOP, 1:12-CV-01570-RPM-MEH. See, also EX-A, at, para,        .

31. Mr. Bruce submitted a written request for Defendant BOP's February 5, 2018 (Doc. No. 79) response to Ms. A. Bennett, attorney advisor, C. Cook, attorney advisor, and J. Wiencek, attorney advisor, pursuant to Rule 34 of the Federal Rules of Civil Procedure on March 18, 2018, through the institution's Ingoing mail depository but have not yet received the documents. See, EX-A, at, para,        .

## CONCLUSION

WHEREFORE, For the foregoing reasons, this court should revoke or void its order that the "Motion to Intervene" (DOC. NO. 74) is or be DENIED, And accept or grant Movant's or Proposed Intervenor Antoine Bruce's OBJECTION TO THE COURT'S, court ORDER. (DOC. NO. 81, Filed or Issued MARCH 13, 2018), In CONJUNCTION WITH HIS MOTION FOR AN ORDER COMPELLING DOCUMENTS, AND HIS MOTION FOR AN PRELIMINARY INJUNCTION AND/OR A TEMPORARY RESTRAINING ORDER, AND AN EXTENSION IN FILING TIME TO RESPOND TO DEFENDANT'S RESPONSE FILED ON FEBRUARY 5, 2018 (DOC. NO. 79) AND TO AMEND HIS "MOTION TO INTERVENE, To comply with the REQUIREMENTS OF RULE 24(b)(1)(B), AS WELL AS HIS MOTION FOR RECONSIDERATION.

Dated: March 20, 2018

Respectfully submitted,

/s/ Antoine Bruce ✡
Antoine M. Bruce
USP Florence ("ADX")
P.O. Box 8500
Florence CO 81226
Florence, CO 81226
MOVANT/Proposed Intervenor

## "DECLARATION OF ANTOINE BRUCE"

I Declare Under the Pains and Penalty of perjury that the aforegoing MOVANT'S OR PROPOSED INTERVENOR ANTOINE BRUCE'S OBJECTION TO THE COURT'S, COURT ORDER. (DOC. NO. 81, filed or Issued March 13, 2018), In conjunction with his MOTION FOR AN ORDER COMPELLING DOCUMENTS, AND HIS MOTION FOR AN Preliminary Injunction and/or A Temporary Restraining Order, and AN EXTENSION IN FILING TIME TO RESPOND TO DEFENDANT'S RESPONSE FILED ON FEBRUARY 5, 2018 (DOC. NO. 79) AND TO AMEND HIS "MOTION TO INTERVENE, To comply with the REQUIREMENTS OF RULE 24(b)(1)(B), AS HIS MOTION FOR RECONSIDERATION IS TRUE and correct to the best of my knowledge and belief pursuant to 28 U.S.C. §1746.

Executed on: 3/20/2018, In Florence, Colorado

/s/ Antoine Bruce ✡
Antoine M. Bruce
MOVANT/PROPOSED INTERVENOR

ADX Florence<br>Florence, CO

## CERTIFICATE OF SERVICE

I hereby certify that on March 21st, 2018, I gave a true and correct copy of the foregoing Movant's or Proposed Intervenor Antoine Bruce's Objection to the court's court order. (Doc. No. 81, filed or issued March 13, 2018), in conjunction with his Motion for an Order Compelling Documents, and his Motion for an Preliminary Injunction and/or a Temporary Restraining Order, and An Extension in Filing time to respond to Defendant's response filed on February 5, 2018 (Doc. No. 79) and to Amend his Motion to Intervene, to comply with the Requirements of Rule 24(b)(1)(B), as well as his Motion for Reconsideration to a member of my unit team in a sealed up envelope for mailing to the Clerk of the Court for the United States District Court for the District of Colorado via U.S. mail who will send notification of such filings to the following counsel of records:

Attorneys For: Plaintiff DWIGHT YORK; and

Attorneys For: Defendant Federal Bureau of Prisons.

Executed on this 21st day of March, 2018.

/s/ A.M. Bruce ✡<br>
ANTOINE M. BRUCE<br>
MOVANT/PROPOSE INTERVENOR/CERTIFIER<br>
USP Florence Supermax ("ADX")<br>
P.O. BOX 8500<br>
Florence, CO 81226

"EXHIBIT-A"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01754-KMT

DWIGHT D. YORK, known as Malachi Z. York,
    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
    Defendant.

## DECLARATION OF ANTOINE BRUCE

I, Antoine Bruce, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge, and belief reasonably relied upon by me in the course of my incarceration, hereby make the following declaration relating to the above entitled matter.

1. My name is Antoine Bruce and I am the Movant or Proposed Intervenor in the above entitled matter or case. I am over 18-years of age, and am fully competent to make this Declaration.

2. I filed a Motion to Intervene (Doc. No. 74, Filed January 16, 2018) in the above entitled matter or case.

3. I am in the custody of the United States Department of Justice, Federal Bureau of Prisons (BUREAU), and am incarcerated at the United States Penitentiary, Administrative Maximum ("ADX") located in Florence, Colorado. I seek to intervene in the above entitled matter or case pursuant to Fed. R. Civ. P. 24(b)(1)(B) (permissive intervention).

4. I am 34-years old, I suffer from various mental and physical illnesses/disabilities which frequently-frustrates, interfere with, impede or impair my participation in activities of daily living to include seeing, reading, writing, walking, and eating.

5. Some of my mental and physical illnesses/disabilities includes but is not limited to: Uncorrected Refractive Error of the eyes with photosensitivity, Angioedema- of the legs, throat, hands/fingers, ankles and feet, Chronic/Acute-left shoulder pain, A.C. Joint separation (L) shoulder, Degenerative Joint Disease (L) shoulder, Schizophrenia, Borderline personality disorder, Post traumatic stress disorder

(PTSD), Major Depressive Disorder.

6. I am a CARE3-MH-inmate, and is soon to be transferred to USP-Allenwood Mental Health Treatment Program in (PA).

7. On December 21, 2017, I suffered a psychotic episode where I was placed in ADX's disciplinary unit (Special Housing Unit (SHU)).

8. Upon being placed in the (SHU) I was separated from my legal materials where defendant BOP - by-and-through its agents or officers: J. Sanders, Lieutenant - N. Rudd, and (S.I.S)-Lieutenant S. Sookdeo had intentionally or purposely confiscated and discarded vital and important-legal documents relevant to this case, and in me drafting a motion to intervene which complied with the requirements of Rule 24(b)(1)(B).

9. Such legal documents or materials included the Plaintiff's copy of his complaint which he gave to me, so that I could use to review and detail how me and the Plaintiff's specific medical care is related to each other, and how I have experienced similar denials of medical care to that which Plaintiff alleges.

10. Without the help of the Plaintiff's complaint combined with the fact that defendant-BOP by-and through its agent, officers, employees and attorneys of (ADX) intentionally or purposely separating me and the Plaintiff from each other by reassigning the Plaintiff to a different unit (i.e., or e.g., F or Fox-unit), so I wouldn't be able to communicate with the Plaintiff and give him any legal advise, and/or aid to help salvage his case/lawsuit, while Plaintiff wouldn't be able to provide me with any more documents relevant to his case. I was unable to properly draft a MOTION TO INTERVENE STATING THE GROUNDS FOR intervention, detailing how my specific medical care is related to the Plaintiff's care, or how I have experienced similar denials of medical care to that which Plaintiff alleges.

11. I was unable to attach a complaint in intervention because of defendant (BOP's) agent, officers, employees, servants, and attorneys of ADX intentionally or purposely confiscating, detaining, and then discarding my complaint and other relevant documents pertaining to this case which his lawyers gave to him, and he gave to me for my own personal property/ documentation as well as them intentionally or purposely confiscating and detaining/discarding my blank prisoner complaint-packet without any legitimate penological purpose.

12. Second, I objects that my motion to intervene is untimely. The court stated that Plaintiff in this matter commenced his claim for injunctive relief over 18 months ago. (Doc. No. 2.) Here,

I do not indicate in my motion the length of time I have known of the pending case, because I did not know I was required to, as I am not a trained lawyer, do not know the law nor Federal Rules of Civil Procedure well, only have a tenth grade high school education, and relied on the institution's electronic law library computer (ELL), BENDERS Practice Forms to help me draft my "Motion to Intervene".

13. I did not become aware of the Plaintiff's lawsuit until December of 2017, after Plaintiff suffered a bout of Angioedema, in or of his throat and face during the same time, I was suffering bouts of Angioedema in my throat, ankles and feet.

14. Plaintiff notified me that he suffers from Angioedema or Hereditary Angioedema, and that ADX does not have the necessary treatment to alleviate or prevent his Angioedema bouts from seriously injuring him or killing him.

15. Plaintiff notified me that he has a lawsuit against the (BOP) for deliberate indifference to his serious medical needs regarding his Angioedema, and that he was being represented by lawyers.

16. I alerted the Plaintiff that I too suffers from Angioedema, and that not only AM I not being adequately treated for my angioedema, but that the health services staff are intentionally or willfully and wantonly PRESCRIBING AND ISSUING OR PROVIDING ME WITH INEFFECTIVE treatments or medications being fully aware that the medications are ineffective, leaving me frequently unable to walk, talk, and write due to the swelling and substantial or significant and chronic/acute pain and discomfort in my throat, hands/fingers, legs, ankles and feet, which the health services staff logs in My medical records as not occurring.

17. I asked Plaintiff if I could see a copy of his prisoner complaint, which Plaintiff replied that he did not currently have a copy of, but he would have his lawyers send him a copy of so I could review it.

18. Plaintiff received a copy of his prisoner complaint from his lawyers, in mid-to-late December 2017, well after the court's set December 9, 2016, deadline for joinder of parties and amendment of pleadings. (Doc. No. 26.) which I was unaware of.

19. I was unaware of the fact that Discovery in this case had been completed.

20. Upon Plaintiff providing me with a copy of his prisoner complaint, I noticed or discovered many defects within the Plaintiff's complaint upon review, which I alerted the Plaintiff, all while advising the Plaintiff to have his lawyers to correct the defects such as adding the Declaratory Jurisdiction statute (i.e., or e.g., 28 U.S.C. 2201) to his prisoner complaint since he made a claim for injunctive relief, and upon information and belief, Declaratory relief.

21. Through the course of me reviewing the Plaintiff's prisoner complaint, I started to realize that —

that my interest would not be adequately represented in this case by the plaintiff's representatives, and that the plaintiff's case would be dismissed by the court without my presence and help in the case which I alerted the plaintiff to.

22. I was provided with several legal documents which plaintiff gave to me, to include defendant's motion for summary judgement which defendant ("BOP") intentionally or purposely confiscated, detained, and told me that it was not going to be returned to me, and that I needed to mind my own business and stop trying to help ("York") the plaintiff.

23. Defendant ("BOP") then separated the plaintiff from me by intentionally or purposely changing or moving the plaintiff's housing unit from Golf-unit-to-Fox-unit without any legitimate penological purpose or justification, and only after I verbally protested against being moved from Golf-unit-to-Fox-unit.

24. Defendant ("BOP") intentionally or purposely withheld its February 5, 2018, response (Doc. No. 79.) from my review or presence, and thus, preventing me from responding or replying back to their or its response.

25. Defendant ("BOP") is fully aware that my presence in this case with the plaintiff would help the plaintiff's claim(s) and/or defenses, which is why they've taken the measures of confiscating and detaining the plaintiff's legal documents from me, then separating the plaintiff from me, and then intentionally or purposely withholding their or its February 5, 2018 (Doc. No. 79.) response from my review or presence.

26. On December 21, 2017, defendant (BOP) by-and-through-its agents and officers, after confiscating my legal and personal property, had detained my said property without any legitimate penological purpose or justification from date of December 21, 2017-through-December 26, 2017 where I was forced to be disruptive just to receive my property back.

27. Because of defendant (BOP's) intentional or purposeful wrongful acts and/or omissions as stated or described in the foregoing paragraphs, I was frustrated and impeded in filing a or an appropriate or adequate "Motion to Intervene" pursuant to Fed. R. Civ. P. 24(b)(1)(B)(permissive-intervention) which comply with the requirements of Rule 24, and as such, my "Motion-To-Intervene" shoulder not be untimely nor denied.

28. Defendant (BOP) filed a response to my Motion to Intervene on February 5, 2018 (Doc. No. 79.)

29. Defendant (BOP) never brought their or its response to my attention, nor did defendant provide me with a copy of its response, as such I was frustrated and/or impeded in filing a —

Case 1:16-cv-01754-KMT   Document 85   Filed 03/26/18   USDC Colorado   Page 16 of 16

response or reply in opposition of or to or contesting Defendant BOP's responses to my motion to Intervene, which I was entitled to present.

30. Based on the foregoing paragraphs the court should compel defendant BOP to produce for inspection and copying the Defendant's February 5, 2018, response to my Motion to Intervene (Doc.No. 79.).

31. I was made aware of Defendant's response on march 16, 2018, through the court's march 13, 2018, court order (Doc.No. 81), to which I was on a legal visit with an attorney name (Edwin P. Aro) who previously represented me in a settled class Action civil suit. See, Cunningham v. BOP, 1:12-cv-01570-RPM-MEH.

32. I submitted a written request for Defendant BOP's February 5, 2018 (Doc.No. 79) response to Ms. A. Bennett, attorney advisor, C. Cook, and J. Wiencek, attorney advisor, pursuant to Rule 34 of the Federal Rules of Civil Procedure on March 18, 2018, through the institution's ingoing mail depository but have not yet received the documents.

Pursuant to the provisions of 28 U.S.C. §1746, I declare under the pains and penalty of perjury that the foregoing statements or paragraphs 1-31 except those statements or paragraphs made or based upon information and belief is or are true and correct to the best of my information, knowledge, and belief.

Executed on this 20th day of March, 2018, in Florence, Colorado.

/s/ A.M. Bruce
Antoine M. Bruce
Movant/Proposed Intervenor
ADX Florence
Florence, CO